UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON DANIEL AUNG (1),<br>JAIMES TIN AUNG (2), and<br>NADIA ERIKA COLE (3),<br><br>Defendants. | Case No: 2:24-CR-0106-TOR-1, 2, 3<br><br>PROTECTIVE ORDER |

The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the sensitive information contained therein to defense counsel in connection with the Government's discovery obligations, ECF No. 75, and the Court finding good cause therefore, **IT IS HEREBY ORDERED**:

1. The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 75, is **GRANTED**.

Protective Order - 1

2. The United States is authorized to disclose the discovery including sensitive information and materials containing personal identifiable information (hereinafter "PII Discovery") in its possession pursuant to the discovery obligations imposed by this Court. The PII Discovery includes financial information (such as bank records) as well as other identifying information (dates of birth, etc.).

3. Government personnel and counsel for Defendants, shall not provide or make available the sensitive information in the PII Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendants and the Government shall restrict access to the PII Discovery, and shall only disclose the sensitive information in the PII Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or counsel for Defendants to provide expert analysis or testimony may possess and inspect the sensitive information in the PII Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendants, that obtains access to

Protective Order - 2

the PII Discovery is advised of this Order and that all information must be held in strict confidence and that the recipient may not further disclose or disseminate the information.Any other party that obtains access to, or possession of, the PII Discovery containing discovery information once the other party no longer requires access to or possession of such PII Discovery shall promptly destroy or return the PII Discovery once access to the PII Discovery is no longer necessary. No other party that obtains access to or possession of the PII Discovery containing sensitive information shall retain such access to or possession of the PII Discovery containing sensitive information unless authorized by this Order, nor further disseminate such PII Discovery expect as authorized by this Order or the further Order of this court. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendants.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 13, 2024.



_____
THOMAS O. RICE
United States District Judge

Protective Order - 3